UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES OLADELE ABIOLA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ESA MANAGEMENT, LLC,<br><br>　　　　Defendant. | Case No.   13-cv-03496-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ESH MANAGEMENT, LLC'S MOTION TO DISMISS THE THIRD, FOURTH, SIXTH, SEVENTH, EIGHTH, NINTH, TENTH, ELEVENTH, AND TWELFTH CAUSES OF ACTION IN PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 62 |

## I.   INTRODUCTION

Plaintiff Moses Abiola, proceeding in pro se, asserts claims against Defendant ESA Management LLC ("ESA") based on his employment as a hotel manager for HVM, LLC (dba Extended Stay America).  ESA brings a Motion to Dismiss the Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Twelfth Causes of Action in Plaintiff's Third Amended Complaint ("Motion").   The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the hearing set for Friday, March 14, 2014 at 9:30 a.m. pursuant to Civil Local Rule 7-1(b).  The Case Management Conference set for the same date and time will be **moved from 9:30 a.m. to 2:00 p.m**. on March 14, 2014.   For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II.   BACKGROUND

### A.   Procedural Background

Plaintiff filed the original complaint in this action in Santa Clara County Superior Court on

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1   May 24, 2013 naming as defendant "ESH Strategies Branding, LLC, dba Extended Stay Hotels."
2   Notice of Removal at 2.  On July 29, 2013, HVM, LLC dba Extended Stay America ("HVM"),
3   believing it was the intended defendant in this action, removed the case to federal district court.
4       At the January 17, 2014 Case Management conference, ESA Management LLC was
5   identified as the corporate entity that employed Plaintiff.  Plaintiff subsequently filed a Third
6   Amended Complaint naming that entity as a defendant in this action.[2]  The Third Amended
7   Complaint asserts the following twelve purported claims: (1) Violation of the Employee
8   Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001; (2) False Advertising; (3) and (4)
9   Violation of California Civil Code § 3294; (5) Violation of California Labor Code § 203; (6)
10  Violation of California Labor Code § 1198.5; (7) Intentional Infliction of Emotional Distress; (8)
11  Negligent Infliction of Emotional Distress; (9) Violation of California Business and Professions
12  Code § 17500; (10) Violation of California Business and Professions Code § 14202;  (11)
13  Wrongful Termination; and (12) "Calumny, (Defamation)."  *Id.*, Ex. 1.

**B.  The Motion**

Defendant asks the Court to dismiss Claims Three, Four, Six, Seven, Eight, Nine, Ten, Eleven and Twelve for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Motion at 1-2.  Defendant also asks the Court to dismiss or strike Plaintiff's request for damages on Claims Two, Six and Nine.  *Id*. at 1.  Defendant contends Plaintiff's claims are deficient for the following reasons:

- **Claims Three and Four (violation of California Civil Code §3294):**  Defendant asserts these claims fail on the pleadings because California Civil Code §3294, which provides for punitive damages, does not apply to actions for breach of contract and Plaintiff specifically pleads that these claims are based upon a breach of contract. *Id*. at 5-6.

- **Claim Six (violation of California Labor Code §1198.5):**  Defendant contends the Court should dismiss or strike Plaintiff's request for damages on this claim (set forth in the

---

[2] The only other defendants named in Plaintiff's Third Amended Complaint are "Does 1-14." While Doe pleading is generally disfavored in federal court, Defendant has not asked the Court to dismiss the Doe defendants and therefore the Court does not decide whether they should be dismissed.

2

Prayer at the end of Plaintiff's Third Amended Complaint) because the types of damages Plaintiff seeks – compensatory damages, pain and suffering, exemplary damages and interest – are not available under Labor Code § 1198.5, which provides only for a penalty of $750 for a violation. *Id*. at 6-7.

- **Claim Seven (Intentional Infliction of Emotional Distress ("IIED")):** Defendant contends Plaintiff has not alleged any facts showing that Defendant engaged in extreme and outrageous conduct and therefore that Plaintiff fails to state a claim for IIED. *Id*. at 7-8.

- **Claim Eight (Negligent Infliction of Emotional Distress):** Defendant seeks dismissal of Plaintiff's claim for Negligent Infliction of Emotional Distress on the basis that it is barred by the exclusivity provisions of California's Workers' Compensation Act. *Id*. at 8-9.

- **Claim Nine (violation of California Business and Professions Code §17500):** Defendant asserts Plaintiff's claim for false advertising in violation of § 17500 based on the alleged changing of the customer service greeting without changing the name of the hotel on the outside sign fails as a matter of law because Plaintiff does not have standing to assert the claim. In particular, Plaintiff does not allege he was a customer or purchased services from Defendant or that he suffered injury as a result of the alleged false advertising. *Id*. at 9-10.

- **Claims Two and Nine:** Defendant challenges Claims Two and Nine, brought under Cal. Bus. and Prof. Code § 17500, on the ground that only injunctive relief and restitution are available on such claims and Plaintiff requests damages in his Prayer. Defendant further asserts that Plaintiff is not entitled to injunction relief to the extent that he is no longer employed by Defendant. Therefore, Defendant asks the Court to dismiss or strike Plaintiff's request for damages on these claims. *Id*. at 10-11.

- **Claim Ten (violation of California Business and Professions Code §14202(2)(i)(1)):** Defendant contends this claim fails because § 14202(2)(i)(1) is simply a definitional section of California's Model State Trademark Law and gives rise to no private right of action. Defendant further asserts that to the extent Plaintiff may be attempting to assert a

3

1  claim for alleged operation of a business using an expired fictitious trademark in violation
2  of Cal. Bus. & Prof. Code §§ 14245-14254 (providing remedies for violation of the Model
3  State Trademark Law), the claim fails because Plaintiff does not allege he is the owner of
4  any trademark that is at issue in this case and therefore he does not have standing to assert
5  such a claim.  *Id*. at 10-11.

6  • **Claim Eleven (Wrongful Termination)**:  Defendant argues this claim fails because it
7  requires that Plaintiff establish that he was terminated in violation of a fundamental public
8  policy and Plaintiff has not identified any such public policy in this case.  *Id*. at 12-13.

9  • **Claim Twelve (Calumny/ Defamation)**: Defendant seeks dismissal of this claim on the
10  basis that there is no claim for calumny under California law.  Defendant further asserts
11  that to the extent Plaintiff is asserting a claim for defamation based on the allegation that
12  Plaintiff was identified as ineligible for rehire after his termination, the claim fails because
13  Plaintiff has not alleged that the statement was false or made to a third party.  In addition,
14  to the extent there is a privilege under Cal. Civ. Code § 47(c) for statements made without
15  malice by one interested party to another, Plaintiff has alleged no facts showing the
16  statement was not privileged, Defendant contends. *Id*. at 13-14.

17  In his Opposition brief, Plaintiff appears to argue that the Motion should be denied because the
18  Court may not make factual findings on a Rule 12(b)(6) motion but rather, must assume the facts
19  alleged in the complaint to be true.  Opposition at 3-5.[3]  According to Plaintiff, the Court may not
20  dismiss his claims unless the Defendant demonstrates "'beyond doubt that the Plaintiff can prove
21  no set of facts in support of his claim that would entitle him to relief.'"  *Id*. at 3 (quoting *Flood v.*
22  *New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1977)).  Plaintiff also argues that the Motion
23  should be denied because: 1) he has a constitutional right to equal protection of the laws; 2) he has
24  a constitutional right to petition the government for redress of grievances; and 3) he has a legal
25  right under Cal. Bus. & Prof. Code § 17500 to bring an "action for loss of revenue, (due to loss of
26  wages) under adverse termination of employment."  *Id*. at 8.  Plaintiff does not address any of the

---

[3] Because Plaintiff did not include page numbers in his brief, the Court uses the numbers assigned by the Electronic Court Filing system ("ECF").

specific arguments raised in the Motion.

In its Reply brief, Defendant points out that Plaintiff has not addressed any of the specific legal arguments asserted in the Motion. Reply at 1. Defendant rejects Plaintiff's assertion that it is challenging the factual allegations of Plaintiff's complaint, arguing that its Motion assumes Plaintiff's factual allegations to be true, consistent with the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. at 1. Applying that standard, Defendant contends, Plaintiff's claims fail for the reasons set forth in the Motion. *Id*. at 2-4.

## III. ANALYSIS

### A. Legal Standard under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twom*bly, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). However, where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

### B. Claims Three and Four (California Civil Code §3294)

Plaintiff asserts Claims Three and Four under Cal. Civ. Code § 3294, which provides in relevant part, as follows:

> In an action for the breach of an obligation *not arising from contract*, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Cal. Civ. Code § 3294 (emphasis added). These claims fail, however, because they are based on alleged breaches of an implied contract. *See* Complaint ¶¶ 31, 32 & Ex. C (Employment Notice). In particular, Plaintiff alleges in support of Claim Three that the Employment Notice contains "terms [that] were agreed upon through the Plaintiff and Defendant's representative's signature, that creates an implied contractual obligations [sic] and policy, and such obligations was breached by the Defendant . . . ." *Id*. ¶ 31. Similarly, Claim Four is based on the alleged "[b]reach of (the implied) contract that was reached and agreed upon accordingly under the captioned "Other Compensation" as listed on the 'Employment Notice' signed that becomes implied-in-fact contractual obligation." *Id*. ¶ 32. Because § 3294 does not apply to claims arising from contract, these claims fail, as a matter of law, and cannot be cured by amendment. Accordingly, the Motion is GRANTED as to these claims, which are dismissed with prejudice.

### C. Claim Six (California Labor Code §1198.5)

In Claim Six, Plaintiff asserts that Defendant has violated California Labor Code § 1198.5, which provides, in relevant part, that "[e]very current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." Where the employer violates this provision, the Labor Commissioner or a current or former employee may "recover a penalty of seven hundred fifty dollars ($750) from the

6

1  employer."

2  　　　　While Plaintiff does not identify the specific damages he seeks on this claim, at the end of

3  his complaint he requests compensatory damages, pain and suffering, exemplary damages,

4  prejudgment interest, and attorneys' fees in the total amount of $1,068,320.  Claim Six fails to

5  state a claim under Rule 12(b)(6) to the extent Plaintiff seeks these specific damages as they are

6  not available under § 1198.5.[4]  The claim survives, however, to the extent Plaintiff requests "relief

7  . . . as justifiably reasoned  by the Court."  Construing Plaintiff's complaint liberally, the Court

8  finds that it is sufficient to state a claim for violation of § 1198.5 to the extent it seeks recovery of

9  the $750 penalty permitted under the Labor Code.

### D.  Claim Seven (IIED)

Plaintiff asserts a claim for Intentional Infliction of Emotional Distress based on the following allegations:

> Defendant's conduct that lead to the Plaintiff's emotional distress was that the Defendant's [sic] engaged in malicious act by intentionally providing wrong code combination to operate the save [sic] vault as well as terminating the Plaintiff without following its internal policies,  as well as lack of disclosure of employee benefit, and intentionally fails to write declaration on the employee notice. Oppression - by denying the Plaintiff access to view his employment file; and for terminating the Plaintiff with falsified information; as well as disregard to Plaintiff's Medical condition are all outrageous acts that have cause injuries to Plaintiff. . . . .

Complaint ¶ 35.  Elsewhere in the Complaint, Plaintiff alleges that his manager intentionally provided him with the wrong safe combination and ridiculed him in front of subordinates for his inability to open the safe, *id*., ¶ 27, that Defendant failed to provide the 7-day written notice of intention to terminate that is required under its internal policies, *id*., ¶ 23(c), that Defendant did not provide him with a copy of the Employment Notice, *id.*, ¶ 23(a), and that Defendant did not provide him with a written copy of its bonus plan.  *Id*., ¶ 23(e).  With respect to Plaintiff's medical condition, he alleges that he informed his employer of his "use of prescribed medicine, that causes

---

[4] In *Whittlestone, Inc. v. Handi-Craft Co.*, the Ninth Circuit clarified that "Rule 12(f) does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." 618 F.3d 970, 971 (9th Cir. 2010).  Rather, such challenges should be addressed under Rule 12(b)(6) for failure to state a claim.  *Id*.

7

1    certain condition as disclosed on the medication label" and that "lengthy exposure to the sunlight
2    at the direct order of the Defendant during the renovation work makes the matter worsen." *Id*. ¶
3    39(e).
4        To prevail on a claim for intentional infliction of emotional distress a plaintiff must
5    establish: "1) outrageous conduct by the defendant, 2) intention to cause or reckless disregard of
6    the probability of causing emotional distress, 3) severe emotional suffering and 4) actual and
7    proximate causation of the emotional distress." *Cole v. Fair Oaks Fire Protection Dist*., 43 Cal.3d
8    148, 155 n.7 (1987). Liability for intentional infliction of emotional distress generally "'does not
9    extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' but
10   only to conduct so extreme and outrageous 'as to go beyond all possible bonds of decency, and to
11   be regarded as atrocious, and utterly intolerable in a civilized community.'" *Alcorn v. Anbro*
12   *Engineering, Inc*., 2 Cal.3d 493, 499 (quoting Rest. 2d Torts, § 46, com. d). Further, "[m]anaging
13   personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct
14   essential to the welfare and prosperity of society." *Janken v. GM Hughes Electronics*, 46
15   Cal.App.4th 55, 80 (1996). Therefore, "[a] simple pleading of personnel management activity is
16   insufficient to support a claim of intentional infliction of emotional distress, even if improper
17   motivation is alleged." *Id*.
18       Plaintiff has not alleged any facts that would establish that Defendant's conduct was
19   extreme and outrageous. The bulk of Plaintiff's allegations relate to personnel management
20   activities and therefore are not outrageous. *Janken*, 46 Cal. App. 4th at 80. The allegation that
21   Plaintiff was given the wrong number for the safe may be an annoyance or a petty oppression but
22   it does not constitute conduct that is "atrocious, and utterly intolerable in a civilized community."
23   *Alcorn*, 2 Cal. 3d at 499. Finally, the allegation that Defendant disregarded an unidentified
24   medical condition is too vague and conclusory to give rise to a reasonable inference that
25   Defendant engaged in outrageous conduct. *Twombly*, 550 U.S. at 545. Therefore, Plaintiff fails
26   to state a claim for Intentional Infliction of Emotional Distress. This claim is dismissed with leave
27   to amend.
28

**E.  Claim Eight (Negligent Infliction of Emotional Distress)**

In Claim Eight, for Negligent Infliction of Emotional Distress, Plaintiff alleges Defendant knew or should have known that its acts would "cause injuries and pain to the Plaintiff." Complaint ¶ 6.  Plaintiff's claim is barred by California's Workers' Compensation Act, which provides the exclusive remedy for injuries occurring within the course of employment. *Robomatic, Inc., v. Vetco Offshore*, 225 Cal.App.3d 270, 274 (citing Cal. Labor Code §§ 3600, 3602; *Pichon v. Pacific Gas & Electric Co.*, 212 Cal.App.3d 488, 496 (1989)).   The California Supreme Court has explained that the exclusivity provision of the Workers' Compensation law may preclude a tort action for an injury that is purely emotional *even* if no compensation is available under the Workers' Compensation law, explaining:

> where the employee suffers annoyance or upset on account of the employer's conduct but is not disabled, does not require medical care, and the employer's conduct neither contravenes fundamental public policy nor exceeds the inherent risks of the employment, the injury will simply not have resulted in any occupational impairment compensable under the workers' compensation law or remediable by way of a civil action.

*Livitsanos v. Superior Court*, 2 Cal.4th 744, 755 (1992).  Further, workers' compensation is an employee's exclusive remedy for negligent infliction of emotional distress resulting from dismissal of employment.  *Robomatic*, 225 Cal. App. 3d at 272.  As Plaintiff's claim is based on conduct that occurred within the scope of his employment, it is barred by the Workers' Compensation Act.  Accordingly, the claim is dismissed with prejudice.

**F.  Claims Two and Nine (California Business and Professions Code §17500)**

Plaintiff asserts two claims for false advertising under Cal. Bus. & Prof. Code § 17500 in his Complaint.  In Claim Two, Plaintiff alleges Defendant engaged in false advertising "[b]y making promise of bonus benefit in an advertisement on the internet, and concealing the matrix to the consumer 'Job Applicant' (herein Plaintiff)."  Complaint ¶ 30. In Claim Nine, Plaintiff asserts Defendant engaged in false advertising "by advertising a high standard of Brand on the internet and upon purchasing such, consumers arrived at the property only to be provided with service of less standard." *Id*.  ¶ 37.  Elsewhere in the Complaint, Plaintiff alleges that he was instructed to use new "greetings, etiquettes and services" when the hotel was rebranded as "eExtended Stay

Hotels" even though the "insignia mounted on the property continued to identify the hotel as being a "Homestead Studio Suites Hotel[]." *Id.* ¶ 24.

Section 17500 provides as follows:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine.

Cal. Bus. & Prof. Code § 17500.

While § 17500 provides only for criminal penalties, private individuals may assert a claim for violations of § 17500 through Cal. Bus. & Prof. Code § 17200, which provides that a violation of the false advertising law is also, by definition, a violation of California's unfair competition law. A private individual pursuing such a claim is limited to seeking injunctive relief, however. *Chern v. Bank of America*, 15 Cal.3d 866, 875, (1976) ("The applicable statutes do not authorize recovery of damages by private individuals. Private relief is limited to the filing of actions for an injunction [under Cal. Bus. & Prof. Code § 17535]; and civil penalties are recoverable only by specified public officers [under Cal. Bus. & Prof. Code §§ 17535.5, 17536]"). In addition, Cal. Bus. & Prof. Code § 17535 provides that a claim for injunctive relief may only be pursued by an individual who meets the standing requirements of "this section," including the requirements set forth in Cal. Bus. & Prof. Code § 17204. That section, in turn, allows private individuals to seek

injunctive relief only if the "person . . . has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

In light of the requirements set forth above, the Court concludes that both Claims Two and Nine fail under Rule 12(b)(6) because Plaintiff seeks only monetary damages whereas the only remedy available to an individual bringing a false advertising claim under § 17500 is injunctive relief. In addition, as to claim Nine, Plaintiff has not alleged any facts showing that he lost any money or property as a result of the alleged unfair competition, that is, the failure to change the insignia on the hotel when it was "rebranded" and the greetings were changed. Accordingly, the Court dismisses Claims Two and Nine for failure to state a claim under Rule 12(b)(6). Plaintiff's lack of standing on Claim Nine cannot be remedied by amendment. Therefore, that Claim is dismissed with prejudice. Plaintiff shall be permitted to amend Claim Two, if he can, to seek injunctive relief.[5]

### G. Claim Ten (California Business and Professions Code §14202(2)(i)(1))

In Claim Ten, asserts Defendant has violated California's Model State Trademark Law by using "an expired trademark for advertising." Complaint ¶ 38. Plaintiff cites Cal. Bus. & Prof. Code § 14202(2)(i)(1) in support of this claim. *Id*. In addition, Plaintiff alleges elsewhere in the Complaint that Defendant violated the Federal Lanham Act "by use of its 'bait-and-switch' selling tactics, unauthorized substitution of one brand for another with less value, that result in false representation of services provided to the public in the state of California. *Id*. ¶ 23(j). In support of this allegation, Plaintiff cites 15 U.S.C. § 1127. *Id*. Under both state and federal trademark law, remedies for violation of a trademark are available only to the owner of the trademark. *See* Cal. Bus. & Prof. Code §§ 14245-14254; 15 U.S.C. § 1114. Because Plaintiff does not allege that he owns the trademarks that are the basis for his claims, Plaintiff's trademark claims, under both state and federal law, fail to state a claim. Further, because it is clear from the allegations in the complaint that Plaintiff does not, in fact, own these trademarks, the Court dismisses these claims

---

[5] Defendant asserts in a footnote that Plaintiff cannot pursue a claim for injunctive relief because he is no longer employed by Defendant. Motion at 10 n. 1 (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2451, 2559-2560 (2011)). As Plaintiff has not yet asserted a claim for injunctive relief (and may not choose to do so) consideration of this issue is premature.

11

with prejudice.

### H. Claim Eleven (Wrongful Termination)

In Claim Eleven, Plaintiff asserts a claim for wrongful termination. Complaint ¶ 39. In support of the claim, he alleges Defendant's conduct was outrageous for a variety of reasons, including: 1) Defendant subjected Plaintiff to "lengthy exposure to the sunlight" even though Plaintiff had informed his employer that he was on a prescription medication that had certain side-effects;[6] 2) Defendant was designated as ineligible for rehire based on false entries in his employment file regarding his performance, including "false safe box issue"; 3) Plaintiff was not given access to his employment file to "learn firsthand of any wrongdoing that may, or might have existed;" and 4) Defendant did not give Plaintiff the required 7-day notice of its intent to terminate Plaintiff. *Id*.

To prevail on a claim for wrongful discharge in violation of fundamental public policy, Plaintiff must prove that his dismissal violated a policy that is (1) fundamental, (2) beneficial for the public, and (3) embodied in a statute or constitutional provision. *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th 1238, 1256 (1994). Further, Plaintiff must establish that Defendant's conduct "was motivated by impermissible considerations under a 'but for' standard of causation." *General Dynamics Corp. v. Superior Court*, 7 Cal.4th 1164, 1191 (1994). The four alleged grounds for Plaintiff's wrongful termination claim fail to state a claim because even assuming Plaintiff's allegations to be true, they do not establish that any of the alleged conduct was related to Plaintiff's termination. Consequently, Plaintiff has failed to allege any facts that would establish causation. The Court therefore dismisses Plaintiff's claim with leave to amend.

### I. Claim Twelve (Calumny/ Defamation)

Plaintiff asserts a claim for "Calumny, (Defamation)" in Claim Twelve.[7] Complaint ¶ 40. In support of this claim, Plaintiff alleges that Defendant classified Plaintiff as "non-eligible for rehiring" based on "false entries of invalid performance data, and such has become a platform for

---

[6] Exhibit L to Plaintiff's Complaint lists the potential side-effects of Plaintiff's medication. Sensitivity to sunlight and/or the need to avoid direct sunlight is not mentioned in the list.
[7] The Court construes Plaintiff's claim as one for defamation as there is no independent claim for "calumny" under California law.

12

continuous slander through negative references to general public." *Id*.

Under California law, the tort of defamation may be libel or slander. *See* Cal. Civ. Code §§ 45-46. "The tort [of defamation] involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999) (citing Cal. Civ. Code, §§ 45, 46; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts § 471, pp. 557-558). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id*.

California Civil Code § 47(c) creates a qualified privilege for a publication that is made:

> In communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee.

Cal. Civ. Code § 47(c). This qualified privilege may be applied to communications by one employee of the defendant to another employee of the defendant where the statement is made without malice. *Kelly v. General Telephone Co*., 136 Cal.App.3d 278, 284 (1982); *see also King v. United Parcel Service, Inc.*, 152 Cal.App.4th 426, 440 (2007) ("an employer's statements to employees regarding the reasons for termination of another employee generally are privileged"). It also applies to statements made without malice by a former employer to a prospective employer. *Lesperance v. North Am. Aviation, Inc*., 217 Cal.App.2d 336 (341).

Plaintiff's allegations suggest that his defamation claim is being asserted on the basis of statements made by Defendant to prospective employers. Thus, the Court finds that Plaintiff has adequately alleged publication. To state a claim for defamation, however, Plaintiff must allege facts sufficient to support a reasonable inference that the statements that were published were false

1  *and* that they were not privileged because they were made with malice.  Because Plaintiff does not
2  include allegations sufficient to show falsity or malice, he fails to state a claim for defamation
3  under Rule 12(b)(6).  Accordingly, Claim Twelve is dismissed with leave to amend.

## IV.    CONCLUSION

The Motions is GRANTED in part and DENIED in part.  In particular, the Motion is DENIED as to Claim Six to the extent that Plaintiff's Complaint can be construed as seeking the penalty that is set forth in Cal. Labor Code § 1198.5.  The Motion is GRANTED as to Claim Six to the extent Plaintiff seeks money damages on that claim.  The Court also GRANTS the Motion as to Claims Two, Three, Four,  Seven, Eight, Nine, Ten, Eleven and Twelve, which are dismissed for failure to state a claim under Rule 12(b)(6).  The Court finds that Claims Three, Four, Eight, Nine and Ten cannot be cured by amendment and therefore those claims are dismissed with prejudice.  Plaintiff shall have leave to amend as to Claims Two, Seven, Eleven and Twelve to address the deficiencies identified in this Order.  Plaintiff may file an amended complaint within thirty (30) days of this Order.  In that amended complaint, Plaintiff may *only* amend Claims Two, Seven, Eleven and Twelve.  He may *only* amend those claims to address the deficiencies identified above.

**IT IS SO ORDERED.**

Dated: March 3, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge