UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MOSES OLADELE ABIOLA, | |
|---|---|
| Plaintiff, | Case No. 13-cv-03496-JCS |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOURTH AMENDED COMPLAINT, VACATING MOTION HEARING AND CHANGING TIME OF CASE MANAGEMENT CONFERENCE FROM 9:30 AM TO 2:00 PM ON MAY 30, 2014** |
| ESA MANAGEMENT, LLC, | |
| Defendant. | |
| | Re: Dkt. No. 79 |

## I.  INTRODUCTION

On March 3, 2014, the Court issued an order granting in part and denying in part Defendant's motion to dismiss Plaintiff's Third Amended Complaint. Docket No. 70. The Court dismissed Claims Three, Four, Eight, Nine and Ten with prejudice on the grounds that the defects in those claims could not be cured. The Court dismissed Claims Two, Seven, Eleven and Twelve without prejudice and granted leave to amend as to those claims, instructing that "[i]n [the] amended complaint Plaintiff may *only* amend Claims Two, Seven, Eleven and Twelve." *Id*. at 14 (emphasis in original). The Court further ordered that Plaintiff "may *only* amend those claims to address the deficiencies identified above." *Id*. (emphasis in original).  Plaintiff, who is *pro se*, understood from the Court's admonition that in his amended pleading he should not re-plead the surviving causes of action that were contained in the Third Amended Complaint and that were not subject to amendment.  Consequently, Plaintiff's Fourth Amended Complaint includes additional allegations to support the claims as to which he was given leave to amend but does not include Plaintiff's claims for violations of §§ 203 and 1198.5 of the California Labor Code (Claims Five

1  and Six of the Third Amended Complaint) or for violation of ERISA (Claim One of the Third

2  Amended Complaint).[1]

3        Defendant now brings a Motion to Dismiss Plaintiff's Fourth Amended Complaint, or in

4  the Alternative, Motion for a More Definite Statement ("Motion").  In the Motion, Defendant

5  contends the ERISA and California Labor Code claims should be dismissed, citing Civil Local

6  Rule 10-1, which provides that "[a]ny party filing or moving to file an amended pleading must

7  reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by

8  reference."  Because Plaintiff did not include in his Fourth Amended Complaint the surviving

9  claims from the previous complaint that were not subject to amendment, Defendant contends those

10  claims should be dismissed or, in the alternative, that the Court should order Plaintiff to provide a

11  more definite statement as to those claims pursuant to Rule 12(e) of the Federal Rules of Civil

12  Procedure.  Defendant further contends that the amendments in Plaintiff's Fourth Amended

13  Complaint as to Claims Seven (Intentional Infliction of Emotional Distress), Eleven (Wrongful

14  Termination) and Twelve (Defamation) are not sufficient to state a claim.

15        The Court finds that the Motion is suitable for determination without a hearing and

16  therefore **vacates the Motion hearing set for May 30, 2014 at 9:30 a.m.  The case**

17  **management conference set for the same date shall be moved from 9:30 a.m. to 2:00 pm on**

18  **May 30, 2014.**  For the reasons stated below, the Motion is GRANTED in part and DENIED in

19  part.[2]

20  **II.   ANALYSIS**

21      **A.   Claim Seven (Intentional Infliction of Emotional Distress**

22          **1.   Background**

23  In the Third Amended Complaint, Plaintiff asserted a claim for Intentional Infliction of

---

[1] The Court also reads Plaintiff's Fourth Amended Complaint as dropping the California state law false advertising claim, asserted as Claim Two in the Third Amended Complaint.  At page 2 of the Fourth Amended Complaint, Plaintiff states this claim "was dismissed" and at page 4 he states that as a pro se plaintiff he is "not positioned to seek this relief under California Code section 17500" and therefore that the claim is "excluded" from the Fourth Amended Complaint.  Accordingly, Claim Two is DISMISSED without prejudice.

[2] The parties have consented to the jurisdiction of the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(c).

1    Emotional Distress based on allegations that: 1) his manager intentionally provided him with the
2    wrong safe combination and ridiculed him in front of subordinates for his inability to open the
3    safe, Third Amended Complaint, ¶¶ 27, 35; 2) Defendant failed to provide to Plaintiff the 7-day
4    written notice of intention to terminate that is required under its internal policies, *id.*, ¶¶ 23(c), 35;
5    3) Defendant did not provide Plaintiff with a copy of the Employment Notice, *id.*, ¶¶ 23(a), 35; 4)
6    Defendant did not provide Plaintiff with a written copy of its bonus plan, *id.*, ¶¶ 23(e), 35; and 5)
7    Plaintiff informed his employer of his "use of prescribed medicine, that causes certain condition
8    as disclosed on the medication label" and that "lengthy exposure to the sunlight at the direct order
9    of the Defendant during the renovation work makes the matter worsen." *Id.* ¶¶ 35, 39(e).

10   The Court found that Plaintiff's allegations in the Third Amended Complaint were
11   insufficient to state a claim because Plaintiff did not allege facts showing that Defendant's conduct
12   was outrageous; in particular, the Court pointed out that the bulk of the alleged conduct related to
13   personnel management and further found that the allegations concerning the safe combination did
14   not constitute more than a "annoyance or a petty oppression." Docket No. 70 at 8. As to the
15   allegations concerning Plaintiff's medical condition, the Court concluded that they were too vague
16   and conclusory to state a claim. *Id.*

17   In his Fourth Amended Complaint, Plaintiff again alleges that Defendant engaged in
18   outrageous conduct based on Defendant's "[f]ailure to write declaration on 'Employment
19   Notice,'" and "failure to respect Plaintiff's medical condition," Fourth Amended Complaint at 5.
20   He also alleges that Defendant engaged in outrageous conduct by failing to warn him of the
21   "possible presence of granite filtrate used during construction" (which Plaintiff contends amounts
22   to an OSHA violation), denying Plaintiff access to his employment file, failing to pay required
23   wages under Cal. Labor Code § 203 and "plaintiff's general work and working activities." *Id.* at
24   5-6. Plaintiff has dropped his allegations regarding the safe combination.

25   Defendant argues that Plaintiff has failed to state a claim for intentional infliction of
26   emotional distress because: 1) the claim is preempted by the Workers' Compensation Act to the
27   extent that all of the alleged conduct arises from Plaintiff's normal job duties; 2) the alleged
28   conduct consists of personnel management and therefore cannot be extreme and outrageous; 3) the

1  allegation that Defendant failed to respect Plaintiff's medical condition is too vague to state a

2  claim; and 4) the claim is barred on statute of limitations grounds to extent it is based on the

3  alleged failure to warn of granite filtrate because this amounts to a new claim that does not relate

4  back to the original complaint.

### 2. Discussion

As the Court stated in its previous order,

> Liability for intentional infliction of emotional distress generally "'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities,' but only to conduct so extreme and outrageous 'as to go beyond all possible bonds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Alcorn v. Anbro Engineering, Inc*., 2 Cal.3d 493, 499 (quoting Rest. 2d Torts, § 46, com. d). Further, "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996). Therefore, "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Id*.

Plaintiffs new allegations are based largely on personnel management activities: failure to include a declaration on an Employment Notice, denial of access to Plaintiff's employee file, failure to pay required wages, exposing Plaintiff to "granite filtrate" when the property was under renovation and Plaintiff's general working conditions. As stated in the Court's previous order, such allegations do not satisfy the requirement that Plaintiff must allege conduct that is "atrocious" or "extreme and outrageous." Further, as to Defendant's alleged disregard of Plaintiff's medical condition, Plaintiff has alleged no further facts showing that Defendant engaged in outrageous conduct in this regard. Therefore, this allegation remains too vague and conclusory to state a claim.

Accordingly, the Court dismisses Plaintiff's claim for intentional infliction of emotional distress with prejudice.

### B. Claim Eleven (Wrongful Termination)

#### 1. Background

In the Third Amended Complaint, Plaintiff asserts a claim for wrongful termination,

alleging that Defendant's conduct was outrageous because it subjected Plaintiff to "lengthy exposure to the sunlight," designated him as ineligible for rehire based on alleged false entries in his employment file regarding his performance, including "false safe box issue," denied him access to his employment file and did not give Plaintiff the required 7-day notice of its intent to terminate Plaintiff. *Id*.  The Court found that Plaintiff failed to state a claim for wrongful termination because Plaintiff failed to allege facts which would establish that any of this conduct was related to Plaintiff's termination.  Docket No. 70 at 12.

In his Fourth Amended Complaint, Plaintiff alleges that he was wrongfully terminated because he was terminated after: 1) he wrote a letter to his supervisor on April 30, 2012 ("the April 30 Letter") addressing issues that needed to be addressed, including how the property was being managed, Plaintiff's work load and the property's curb appeal; 2) Defendant failed to provide a sanitary workplace and exposed Plaintiff to granite filtrate; 3) Plaintiff was denied access to his employment file; and 4) he demanded to be reimbursed for use of his own funds to purchase a name tag.  Fourth Amended Complaint at 11-14; *see also* Third Amended Complaint, Ex. I (April 30 Letter).[3]  The April 30 Letter complains about the "negative feedbacks being accumulated by this property due to lack of operating guidelines" and makes a series of recommendations under the following subheadings:  "General Operation" ("A single brand standard must be used at all times as the conflict that currently exist in the use of Homestead Suites Hotel, and the new brand Extended Stay Hotel is creating confusion for guests as well as the staff"), "Customer Care/Employee" ("Most of the employees are not properly trained in regards to customer care etiquette"),  "Amenities" ("We should strive to provide complete sets of amenities . . . so that we can eliminate most negative feedback"), "Image Concept" ("We must use Extended Stay Hotels, and all that is applicable to the operation standard to the brand"), "Management" ("The workload assigned to me personally are too intense to assume that such could be accomplished within a reasonable and approved labor work standard"; "All matters

---

[3] Although the April 30, 2012 letter was attached as an exhibit to the Third Amended Complaint, Plaintiff did not rely on the letter in support of his wrongful termination claim until he amended his wrongful termination claim, in his Fourth Amended Complaint.

1  applicable to the employment status benefit and incentive  must be declared in full so that we may

2  know where we stand, and what we are working for"), "Curb Appeal" ("The general curb appeal

3  needs to be improved").  Third Amended Complaint, Exhibit I.  The letter does not cite to any

4  local, state or federal laws and does not refer to any alleged violations of any law.

5      Defendant asserts Plaintiff's amendments to the wrongful termination claim fail to save the

6  claim because Plaintiff still has not alleged any facts showing a causal connection between the

7  alleged conduct and Plaintiff's termination.  Motion at 12.  With respect to the April 30 Letter,

8  Defendant contends the letter sent by Plaintiff relates "to Plaintiff's own employment with

9  Defendant and does not implicate matters of public policy."  *Id*.  Defendant further notes that the

10 letter does not reference any state or federal statute and argues that Plaintiff fails to allege any

11 facts showing that at the time he sent the letter he had a good faith belief that any statute was being

12 violated.  *Id*.

    **2.  Discussion**

14     The majority of Plaintiff's allegations regarding the wrongful termination claim are

15 duplicative of his earlier allegations and fail to state a claim for wrongful termination because

16 Plaintiff has not alleged facts showing the alleged conduct was causally related to his termination.

17 Plaintiff's allegation in the Fourth Amended Complaint that he was terminated after sending a

18 letter to his supervisor protesting various practices of Defendant is new, however.  Construing the

19 allegations liberally, and in light of the allegations indicating that Plaintiff sent the letter to his

20 supervisor within a month before he was terminated, the facts alleged could support an inference

21 of causation.  Therefore, the Court must address whether Plaintiff's letter could establish that

22 Plaintiff was terminated for his efforts to protect important public policy such that he has stated a

23 cognizable claim under *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 178 (1980).

24     In *Tameny*, the California Supreme Court held that "an employer's authority over its

25 employee does not include the right to demand that the employee commit a criminal act to further

26 its interests, and an employer may not coerce compliance with such unlawful directions by

27 discharging an employee who refuses to follow such an order." 27 Cal.3d 167, 178 (1980).  In the

28 wake of *Tameny*, California courts have held, "implicitly and explicitly, that discharge of an

6

1 employee in retaliation for resisting employer violations of laws that secure important public
2 policies contravenes those policies, and gives rise to a common law action in tort." *Blom v.*
3 *N.G.K. Spark Plugs (U.S.A.), Inc.*, 3 Cal.App.4th 382, 389 (1992). For example, "'California
4 courts have long recognized wage and hours laws 'concern not only the health and welfare of the
5 workers themselves, but also the public health and general welfare.'" *Barbosa v. Impco*
6 *Technologies, Inc.*, 179 Cal.App.4th 1116, 1122 (2009) (quoting *Gould v. Maryland Sound*
7 *Industries, Inc.*, 31 Cal.App.4th 1137, 1148–1149 (1995) (internal citation omitted)). Thus, in
8 *Barbosa*, the court found that an employee's efforts to collect overtime pay that he reasonably and
9 good faith belief was owed to him under California wage and hour laws was sufficient to support a
10 *Tameny* claim. *Id*.

Not all conduct protesting what the employee believes to be a violation of the law is sufficient to support a *Tameny* claim, however. *See Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 75 (1998). The California Supreme Court explained as follows:

> In *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 669, 254 Cal.Rptr. 211, 765 P.2d 373 (*Foley*), we underscored the term "public" in *Tameny*'s public policy exception by observing that the employee's actions must further a policy affecting the public interest, which must be fundamental or substantial when the company discharges the employee. (*Foley*, *supra*, 47 Cal.3d at p. 670, fn. 11, 254 Cal.Rptr. 211, 765 P.2d 373.) In rejecting a tort claim based on an employee's discharge after he reported to management his supervisor's history of embezzlement, we held that alleged violations of internal practices that affect only the employer's or employee's interest, and not the general public's interest, will not give rise to tort damages. (*Foley*, *supra*, 47 Cal.3d at pp. 669–671, 254 Cal.Rptr. 211, 765 P.2d 373.) In other words, courts must focus not on compensation to employees, but rather on the "general social policies being advanced." (*Foley*, *supra*, 47 Cal.3d at p. 668, 254 Cal.Rptr. 211, 765 P.2d 373.) Even then, not all statutes (or constitutional provisions) will support a *Tameny* claim. "[M]any statutes simply regulate conduct between private individuals, or impose requirements whose fulfillment does not implicate fundamental public policy concerns." (*Foley*, *supra*, 47 Cal.3d at p. 669, 254 Cal.Rptr. 211, 765 P.2d 373.)

*Id*.

The instruction of *Green v. Ralee Engineering Co*. is particularly pertinent to Plaintiff's April 30 Letter to his supervisor because all of the complaints and suggestions offered in that letter are aimed at either the employee's interest (Plaintiff's work load and the negative feedback

7

1  Plaintiff experienced from departing customers) or the employer's interest (the confusion
2  allegedly created among guest due to the failure to use a "single brand standard," the alleged
3  insufficient training of staff in customer care standards, the failure to provide complete amenities
4  and the "general curb appeal" of the property).  Indeed, Plaintiff prefaces his specific complaints
5  by stating that he is offering his "suggestions to reverse the negative feedback being accumulated
6  by this property due to the lack of operating guidelines."  Although Plaintiff makes a demand that
7  "[a]ll matters applicable to the employment status benefit and incentive must be declared in full so
8  that we may know where we stand, and what we are working for," the Court finds this statement is
9  simply too vague to support a reasonable inference that it constituted an effort to secure any
10 particular right under California's wage and hour laws.  Therefore, the Court concludes that the
11 April 30 Letter does not save Plaintiff's wrongful termination claim because there is nothing in the
12 letter that can be construed as protecting any "fundamental public policy."

Accordingly, the Court dismisses Plaintiff's wrongful termination claim with prejudice.

### C.  Claim Twelve

#### 1.  Background

In the Third Amended Complaint, Plaintiff asserted a claim for Calumny/Defamation, which the Court construed as a defamation claim.  He alleged in support of his claim that Defendant classified Plaintiff as "non-eligible for rehiring" based on "false entries of invalid performance data, and such has become a platform for continuous slander through negative references to general public."  Third Amended Complaint, ¶ 40.  The Court dismissed the claim with leave to amend, finding that Plaintiff failed to state a claim for defamation because he had not alleged facts sufficient to support a reasonable inference that the statements that were published were false *and* that they were not privileged because they were made with malice.  Docket No. 70 at 14.

In his Fourth Amended Complaint, Plaintiff alleges in support of his defamation claim that 1) "Defendant willfully gave the plaintiff wrong combination numbers to operate the safe box and jokes about it with subordinates;" 2) Defendant willfully told a Wells Fargo Bank employee about the incident and Plaintiff became the target of derision when he patronized the bank; 3) Plaintiff

8

was subject to "verbal scolding" by third parties because Defendant failed to reimburse him for trips and mileage; and 4) Plaintiff was subjected to verbal reprimands from guests while he was performing his employment-related duties for defendant. Fourth Amended Complaint at 16-17. Defendant contends Plaintiff's amended allegations in support of the defamation claim in the Fourth Amended Complaint continue to be deficient. Motion at 13-15.

### 2. Discussion

As the Court stated in its previous order,

> Under California law, the tort of defamation may be libel or slander. *See* Cal. Civ. Code §§ 45-46. "The tort [of defamation] involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999)(citing Cal. Civ. Code, §§ 45, 46; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts § 471, pp. 557-558). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id*.

Docket No. 70 at 13. Plaintiff's new theories in support of his defamation claim do not save the claim. He has alleged no facts showing that any false statements were made. Nor has he cited any authority indicating that an employer may be liable for defamation based on statements made by third parties to an employee during the course and scope of the employee's employment, even assuming the statements were otherwise actionable. Nor does the Court find any such authority.

Accordingly, Plaintiff's defamation claim is dismissed with prejudice.

### D. ERISA and California Labor Code Claims

In its previous motion to dismiss addressing the sufficiency of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendant did not challenge Plaintiff's claims under ERISA and the California Labor Code (Claims One, Five and Six). Defendant now contends, however, that because Plaintiff failed to include the claims in his amended complaint, those claims should be dismissed or alternatively, that the Court should require that Plaintiff should order Plaintiff to provide a more definite statement of his claims.

It is apparent from Plaintiff's Opposition brief (as well as the Fourth Amended Complaint) that he believed in good faith that the Court's Order *prohibited* him from addressing in his

amended complaint any claims other than those as to which the Court had granted leave to amend. Defendant has cited no authority that persuades the Court that under these circumstances, Plaintiff's failure to include all of his surviving claims in his amended complaint, as required under Civil Local Rule 10-1, is a sufficient basis for dismissal of the omitted claims. Further, in light of Plaintiff's pro se status and the history of this case, the Court does not find that ordering Plaintiff to file yet another pleading pursuant to Rule 12(e) of the Federal Rules of Civil Procedure is likely to add significant clarity as to the nature of Plaintiff's claims. Therefore, Defendant's request for a more definite statement is denied.

### III.  CONCLUSION

For the reasons stated above, the Motion is GRANTED in part and DENIED in part. The Court DISMISSES Plaintiff's claims for Intentional Infliction of Emotional Distress (Claim Seven), Wrongful Termination (Claim Eleven) and Defamation (Claim Twelve) with prejudice. Claim Two (False Advertising under California Law), which Plaintiff states in the Fourth Amended Complaint he no longer wishes to pursue, is dismissed without prejudice. Plaintiff's claims for violation of ERISA (Claim One), and of the California Labor Code (Claims Five and Six) shall go forward. Any allegations in Plaintiff's Third Amended Complaint and Fourth Amended Complaint that support those claims shall be deemed to be part of the operative complaint in this action.

**IT IS SO ORDERED.**

Dated: May 27, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge