UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES OLADELE ABIOLA,<br><br>Plaintiff,<br><br>v.<br><br>ESA MANAGEMENT, LLC,<br><br>Defendant. | Case No.  13-cv-03496-JCS<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING STATE LAW CLAIMS TO STATE COURT**<br><br>Re: Dkt. Nos. 96, 102 |

## I.    INTRODUCTION

Plaintiff Moses Oladele Abiola brings this action against his former employer, ESA Management, LLC ("ESA").  The action was initiated in the Superior Court for the County of Santa Clara and removed to federal court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.  In particular, the action was removed to this court on the grounds that Abiola asserted claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* and the United States Trademark Act, 15 U.S.C. §§ 1051 *et seq*. ("the Lanham Act"). *See* Notice of Removal, Docket No. 1.[1]   The Court has dismissed all but three claims, and the only remaining claim asserted under federal law is Plaintiff's ERISA claim.  Because the Court finds that ESA is entitled to summary judgment on that claim, the Court GRANTs in part ESA's Motion for Summary Judgment ("Defendant's Motion"), DENIES in part Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") and remands Plaintiff's remaining claims to state court. The hearing set for **January 8, 2015** is vacated pursuant to Civil Local Rule 7-1(b).[2]

---

[1] The Notice of Removal did not cite diversity as a basis for jurisdiction under 28 U.S.C. § 1332.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II.    BACKGROUND

Plaintiff has amended his complaint in this action three times.  The Court has issued two substantive orders addressing the sufficiency of Plaintiff's claims, *see* Docket Nos. 70, 87, and three claims now remain in the case:  Claim One (ERISA), Claim Five (Cal. Labor Code Sections 203 and 2802), and Claim Six (Cal. Labor Code Section 1198.5).  For the purposes of ruling on the parties' summary judgment motions, the Court need only address the background relating to Abiola's ERISA claim.

Plaintiff's allegations regarding his ERISA claim are set forth in his Third Amended Complaint.[3]  There, he asserts that ESA failed to comply with 29 C.F.R. § 2520.104b-2, which requires a "plan administrator of an employee benefit plan . . .[to]  furnish a copy of the summary plan description and a statement of ERISA rights  . . . to each participant covered under the plan . . . and each beneficiary receiving benefits under a pension plan" within 90 days after the employee becomes a participant in a plan covered by ERISA.   Third Amended Complaint ¶¶ 23(l), 29. Although Plaintiff does not include any factual allegations in the ERISA claim itself, he includes the following allegations in the background section of his complaint:

> On October 17, 2011, Plaintiff's first day of work, "Sickles" provided me with documents needed for a new employee; and among them was a document titled "Employment Notice" . . . [in which] line 4 itemized as "OTHER COMPENSATION" which was sub-itemized as "BONUS;" "EXPENSES:" "OTHER:" And then, the Plaintiff query "Sickles" of a brochure that might explain corporate policies as well as criteria for earning the bonus.  Then, Sickles responded that, *"well, no brochure, but this is what I can promise you, as a hotel manager with Extended Stay Hotels, you can average your bonuses to be very huge, as long as you report for work when scheduled, you'll be paid your bonuses, the last time I got mine, it was so robust that I almost cry."*

*Id.*, ¶ 20 (emphasis in original). [4]

---

[3] Although Plaintiff filed a Fourth Amended Complaint in response to the Court's order dismissing certain claims in his Third Amended Complaint, *see* Docket No. 70, he included in the Fourth Amended Complaint only the claims that the Court had expressly permitted him to amend. Although ESA asked the Court to dismiss the ERISA claim on the basis that it was not included in the Fourth Amended Complaint, the Court declined to do so, citing Plaintiff's pro se status.  *See* Docket No. 87 at 9-10.  Therefore, the Court looks to the allegations in the Third Amended Complaint to evaluate the ERISA claim.

[4] In his original complaint, Plaintiff made clear that his ERISA claim was based on ESA's alleged

2

United States District Court
Northern District of California

1    In its summary judgment motion, ESA asserts Plaintiff's ERISA claim fails because the

2    bonus plans that were in effect during the time Abiola was employed by ESA were not covered by

3    ERISA.  Defendant's Motion at 3-4.  In particular, ESA presents evidence that during the time

4    Plaintiff worked for ESA, the following bonus plans were in effect:  1) "2nd Half 2011 Operations

5    Pay for Performance Award Plan" ("2011 Bonus Plan"), effective July 1, 2011 through December

6    31, 2011; and 2) "Incentive Plans First Half FY 2012" ("2012 Bonus Plan"), covering the first two

7    quarters of fiscal year 2012.  Declaration of Brandalyn Kay Sickles in Support of Defendant ESA

8    Management, LLC's Motion for Summary Judgment ("Sickles Decl."), ¶ 4 & Exs. A- B.  These

9    plans offered incentive payments to managers who met certain goals and criteria.  *See id.*  They

10   did not provide compensation that is deferred until after an employee's termination; nor did they

11   offer welfare benefits.  *Id.* [5]  According to ESA, neither plan is an employee welfare benefit plan

12   or an employee pension plan, which are the two types of plans covered by ERISA.  Defendant's

13   Motion at 8 (citing 29 U.S.C. § 1002(1); *Albers v. Guardian Life Ins. Co. of Am.*, 1999 U.S. Dist.

14   LEXIS 5410 (S.D.N.Y. April 19, 1999)).  First, ESA contends, "payments to employees 'on

15   account of work performed by an employee,' such as an annual bonus, are not welfare benefit

16   plans.  *Id.* (quoting 29 C.F.R. § 2510.3-1(b)).  Second, "bonuses for work performed are not

17   pension benefit payments unless such payments are systematically deferred to provide retirement

18   income to employees."  *Id.* (citing 29 C.F.R. § 2510.3-2(c)).

19   In his Opposition brief and in his summary judgment motion, Plaintiff does not challenge

20   (on either factual or legal grounds) ESA's assertion that the only two bonus plans offered during

21   Abiola's employment with ESA were neither employee welfare benefit plans nor employee

22   pension plans under ERISA.  Nor does Abiola present any specific evidence that he was a

23

24   "non-disclosure of information pertaining to employee bonus."  Complaint ¶ 46;  *see also* First
     Amended Complaint, ¶ 46.
25   [5] ESA also presents evidence that Abiola did not qualify to receive a bonus under either plan.
     Motion at 4.  As to the 2001 Bonus Plan, Abiola was required to work at least one half of the
26   performance period (13 weeks) in order to be eligible for a bonus, but he worked less than that,
     having commenced his employment with ESA on October 17, 2011.  Sickles Decl., ¶ 4 & Ex. A.
27   As to the 2012 Bonus Plan, Abiola did not qualify to receive a bonus because he was on a
     performance improvement plan and because he was not employed on the date the bonus was
28   distributed (he was terminated on May 24, 2012) before the end of the second quarter, rendering
     him ineligible to receive a bonus.  Sickles Decl., ¶ 4 & Ex. B.

participant of some other plan offered by ESA that was covered by ERISA.  Rather, he cites to an "Employment Notice"  he was given when he commenced his employment with ESA.  Plaintiff's Motion at 1;  Plaintiff's Opposition to Defendant's Motion at 10; *see also* Docket No. 96-1 at 5 ("Employment Notice").  That document is a form listing Plaintiff's name, hours of work and salary.  Docket No. 96-1 at 5.  Item number 4 on the form is entitled "Other Compensation" and has blanks for "Bonus," "Expenses" and "Other," all of which were left blank.   Plaintiff seems to suggest that the mere fact that ESA's form Employment Notice included spaces for these other forms of compensation is an admission that Plaintiff was a participant in an ERISA plan of which he did not receive proper notice.

## III.    ANALYSIS

### A.    Rule 56

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial." *Id*.  "[T]he inquiry involved in a ruling on a motion for summary judgment . . . implicates the substantive evidentiary standard of proof that would apply at the trial on the merits."  *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 252 (1986).

### B.    Exercise of Supplemental Jurisdiction Over State Law Claims in Removed Federal Question Case Where Federal Claims Have Been Dismissed

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such an action is pending."  28 U.S.C. § 1441(a).

United States District Court
Northern District of California

Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. sections 1331 and 1332.  If the case was properly removed on the basis of federal question jurisdiction, the state law claims arising out of a "common nucleus of operative fact" fall within the federal court's supplemental jurisdiction.  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  If the federal claims that served as the basis for removal are eliminated, the district court has discretion to decline to exercise its supplemental jurisdiction and to remand the remaining state law claims to state court.  28 U.S.C. § 1367(c)(3).

To decide whether to exercise jurisdiction over pendent state law claims, a district court should "consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity . . . ." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-350 (1988); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172-173 (1997).  "[I]n the usual case in which all federal law claims are eliminated before trial, the balance of the factors to be considered … will point toward declining to exercise jurisdiction over the remaining state-law claims." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Cohill*, 484 U.S. at 351).

### C.   Discussion

#### 1.   Whether ESA is entitled to summary judgment on the ERISA claim

"ERISA protects employee pensions and other benefits by providing insurance . . . , specifying certain plan characteristics in detail  . . , and by setting forth certain general fiduciary duties applicable to the management of both pension and nonpension benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996)).   The basic purpose of ERISA is "to protect . . . the interests of participants . . . and . . . beneficiaries . . . by establishing standards of conduct, responsibility, and obligation for fiduciaries . . . and . . . providing for appropriate remedies . . . and ready access to the Federal courts." *Id.* at 513 (quoting  ERISA § 2(b), 29 U.S.C. § 1001(b)).  "ERISA applies to 'any employee benefit plan if it is established or maintained . . . by any employer . . . or . . . by any employee organization ... or by both.'" *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (quoting 29 U.S.C. § 1003(a)(1)-(3)).   In *Daniels*, the Ninth Circuit explained that "'[e]mployee benefit plans' covered by ERISA come in two types [:] . . .  the 'employee

welfare benefit plan,'. . .[and] the 'employee pension benefit plan.'" *Id.*

An "employee welfare benefit plan" is defined as follows:

> The terms "employee welfare benefit plan" and "welfare plan" mean any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). "The only benefits described in 29 U.S.C. § 186(c) and not listed in the definition given [in § 1002(1)A] are 'holiday, severance or similar benefits.'" *Hagel v. United Land Co.*, 759 F.Supp. 1199, 1203 (E.D.Va.,1991) (citing 29 C.F.R. § 2510.3-1(a)(3) (analyzing the relationship between 29 U.S.C. §§ 186(c) and 1002(1)(A)).  Bonus plans that are "designed to reward employees for their service with present benefits" typically are not employee welfare benefit plans and are outside ERISA's scope. *Id.* (citing *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 574 (5th Cir. 1980); *Foltz v. U.S. News & World Report, Inc.*, 627 F.Supp. 1143, 1164-65 (D.D.C. 1986)); *see also* 29 C.F.R. § 2510.3-1(b) (providing that payment to employees "on account of work performed by an employee" is not an employee welfare benefit plan).  Similarly, the term "employee pension benefit plan" does not include "payments made by an employer to some or all of its employees as bonuses for work performed, unless such payments are systematically deferred to the termination of covered employment or beyond, or so as to provide retirement income to employees." 29 C.F.R. 2510.3-2(c); *see also* 29 U.S.C. § 1002(2).

The only evidence that has been presented of *any* benefit plan in this case is the evidence submitted by ESA that it offered two bonus plans while Plaintiff was employed by ESA.  This undisputed evidence shows that the ESA bonus plans were not established for the purpose of paying any of the types of benefits listed in 29 U.S.C. § 1002(1).  Rather, the bonuses were paid to employees on account of the work they performed.  Nor did the bonus plans pay any deferred compensation.  Consequently, the Court finds, as a matter of law, that the ESA bonus plans were

6

1   neither employee welfare benefit plans nor employee pension benefit plans and therefore are not

2   covered by ERISA.

3          Nor is the fact that the Employment Notice form used by ESA had a blank for "other

4   compensation" sufficient to create a fact question as to whether ESA may have offered some other

5   plan that *was* covered by ERISA of which Plaintiff  should have received notice. [6]  No reasonable

6   juror could conclude, on the basis of that form (which is the only evidence offered by Plaintiff in

7   support of his ERISA claim), that Plaintiff became a participant in a covered ERISA plan when he

8   commenced his employment with ESA.  Therefore, Plaintiff's reliance on the Employment Notice

9   is misplaced.

10         Accordingly, the Court GRANTS ESA's request for summary judgment on the ERISA

11  claim and DENIES Plaintiff's request for summary judgment on the ERISA claim.  The ERISA

12  claim is dismissed with prejudice.

13                  **2.   Whether the Court should remand the state law claims to state court**

14         Having dismissed Plaintiff's only federal claim, the Court must decide whether to exercise

15  supplement jurisdiction over the remaining state law claims.  The Court concludes that it is in the

16  interest of comity and judicial efficiency to remand those claims to state court, especially in light

17  of the fact that the Santa Clara Superior Court, from which this case was removed, previously

18  conducted a bench trial in which Abiola sought unpaid wages and waiting time penalties based on

19  his employment with ESA.  *See* Defendant ESA Management, LLC's Request for Judicial Notice

20  in Support of Its Motion for Summary Judgment, Exs. 1-4.

21  **IV.   CONCLUSION**

22         For the reasons stated above, Defendant's Motion is GRANTED in part and Plaintiff's

23  Motion is DENIED in part.  Plaintiff's ERISA claim (Claim One) is dismissed with prejudice.

24

25

26

27

28

*United States District Court*
*Northern District of California*

---

[6] The obligation requiring plan administrators to give participants notice  within 90 days of the date when the employee became a participant is set forth in 29 U.S.C. § 1021.

7

1    The remaining state law claims are remanded to the Superior Court for the County of Santa Clara.

2         **IT IS SO ORDERED.**

3

4    Dated: December 12, 2014

5

6

7    _____

8    JOSEPH C. SPERO
     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California