UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSES OLADELE ABIOLA,<br><br>    Plaintiff,<br><br>    v.<br><br>ESH STRATEGIES BRANDING, LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-03496-JCS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION, MOTION TO ALTER OR AMEND THE JUDGMENT, AND MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br>**[Docket Nos. 127, 128 and 129]** |

## I.   INTRODUCTION

On December 12, 2014, the Court entered summary judgment in favor of Defendant on Plaintiff's only remaining claim under federal law and exercised its discretion to remand the state law claims to state court. On the same day, the Court entered final judgment on Plaintiff's federal claim only. In the wake of the Court's order, Plaintiff has filed three motions challenging the dismissal of his federal claim and the remand of his state law claims. In particular, he has filed the following motions: 1) Motion for Reconsideration; 2) Motion to Alter or Amend the Judgment; and 3) Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge. For the reasons stated below, the motions are DENIED.

## II.   SUMMARY OF ARGUMENTS

The Court understands that Plaintiff is making the following arguments in his motions:

- The Court failed to reference California Labor Code Section 201 in its summary judgment order when it described Plaintiff's state law claims and therefore, the Court should reconsider the order to prevent manifest injustice.
- There were inconsistencies in a declaration submitted by Defendant in support of its summary judgment motion; although Plaintiff failed to notice the inconsistencies when he

filed his opposition to the summary judgment motion, he intended to bring them to the Court's attention at a subsequent case management conference. Therefore, reconsideration is necessary to avoid manifest injustice, he asserts.

- The Court should not have exercised its discretion to remand the state law claims to state court because the parties consented to magistrate jurisdiction for all purposes including trial.
- Remand of the state law claims violates Plaintiff's constitutional right to a jury trial under the Seventh Amendment because Plaintiff demanded a jury trial in the federal case and it is possible he will not be afforded a jury trial in state court.
- Remand to state court is improper because the requirements of diversity under 28 U.S.C. § 1332 are met, even though Defendant did not remove the action to federal court on that basis.

## III. LEGAL STANDARDS

Pursuant to Civil Local Rule 7-9(a), a party may bring a motion for reconsideration of any interlocutory order "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case" if the court grants leave to bring such a motion. Rule 7-9(b) provides that in a motion for leave to file a motion for reconsideration, "the moving party must show reasonable diligence in bringing the motion, and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory

order which the party . . . seeks to have reconsidered. Civ. L.R. 7-9(c).

Where a final judgment has been entered, relief may be granted under Rule 60 of the Federal Rules of Civil Procedure.  Rule 60(a) allows the court to correct a "clerical error" in a judgment or order, while Rule 60(b) allows the Court to alter or amend a judgment on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[1]

## IV.    DISCUSSION

### A.  Cal. Labor Code Section 201

Plaintiff argues the Court should reconsider its summary judgment order to avoid manifest injustice because in the background section of that order, the Court stated as follows: "The Court has issued two substantive orders addressing the sufficiency of Plaintiff's claims, see Docket Nos. 70, 87, and three claims now remain in the case: Claim One (ERISA), Claim Five (Cal. Labor Code Sections 203 and 2802), and Claim Six (Cal. Labor Code Section 1198.5)."  Docket No. 124 ("Summary Judgment Order") at 2.  In fact, Plaintiff contends, Claim Five is also based on California Labor Code Section 201.  Plaintiff is concerned that the omission of this section from

---

[1] Plaintiff also invokes Rule 72 of the Federal Rules of Civil Procedure to challenge the Court's Summary Judgment Order.  That rule applies to orders on nondispositive matters that have been referred to a magistrate judge by a district court judge for a report and recommendation.  That rule has no bearing here as the parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c).

3

the sentence quoted above will be construed as a ruling eliminating that provision from the case and preventing him from asserting a violation of Section 201 in any future proceedings. It is clear from the Summary Judgment Order as a whole, however, that the Court did not purport to rule on Plaintiff's state law claims and further, that the operative complaint in the action as to claims that Plaintiff was not given leave to amend following Defendant's third motion to dismiss (including Claim Five) is Plaintiff's Third Amended Complaint. To the extent Claim Five references California Labor Code Section 201, nothing in the Court's Summary Judgment Order precludes Plaintiff from asserting such a claim. The Court also notes that Defendant did not challenge Claim Five in its prior motions to dismiss and the Court did not address that claim in its order addressing the sufficiency of the Third Amended Complaint. *See* Docket No. 70. Accordingly, no correction of the Summary Judgment Order with respect to the Court's failure to expressly reference Cal. Labor Code Section 201 is necessary to avoid manifest injustice.

### B. Alleged Inconsistencies in Defendant's Declaration

Plaintiff contends the Court should reconsider its Summary Judgment Order because he realized, after he filed his opposition brief, that there is an inconsistency in one of Defendant's declarations. Plaintiff has not demonstrated that this alleged discrepancy is material to the Court's decision. Nor has he demonstrated that this is a "new" fact that could not have been discovered with reasonable diligence. Therefore, this argument fails under Civ.L.R. 7-9 and Fed.R.Civ.P. 60(b).

### C. Remand of State Law Claims to State Court

Plaintiff challenges the Court's decision to remand the state law claims to state court, arguing that the Court has subject matter jurisdiction over the action even though it has dismissed his federal claims because there is diversity under 28 U.S.C. § 1332. In any event, Plaintiff asserts, the Court has an obligation to exercise supplemental jurisdiction over the remaining claims because the parties consented to magistrate jurisdiction through trial and he demanded a jury trial in this case. These arguments fail for the reasons stated below.

First, the Court rejects Plaintiff's assertion that the Court should exercise jurisdiction over this action based on diversity even though Defendant removed the action only on the basis of a

federal question and all federal claims have now been dismissed. The Ninth Circuit has held that "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (citing *Brockman v. Merabank*, 40 F.3d 1013, 1016 (9th Cir.1994)). The existence of diversity jurisdiction is not, however, apparent from the face of Plaintiff's complaint. In particular, Plaintiff alleges only that he resides in California and that the Defendant ESA Management LLC "maintains its principal place of business in Charlotte, North Carolina, and . . .operates several brands of lodging facilities in the state of California, and in Santa Clara County." Third Amended Complaint, ¶ 5. For the purposes of diversity jurisdiction, the citizenship of a limited liability company, like a partnership, depends on the citizenship of each of the owners of the limited liability company. *See Ace Ventures, L.L.C. v. LQK, L.L.C.*, . 2006 WL 2882481, at * 1 (D. Ariz., October 4, 2006) (holding that jurisdictional allegations were insufficient to establish subject matter jurisdiction because plaintiff did not include any allegations about citizenship of owners of limited liability company)(citing *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir.2006)). Because plaintiff includes no allegations relating to the citizenship of the owners of the defendant LLC, diversity of citizenship is not apparent from the face of his complaint. The Court further notes that the rule announced in *Williams v. Costco* did not alter the well-established principal that "to protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand, and that Defendant bears the burden of establishing proper removal and federal jurisdiction." *Ghazaryan v. Wells Fargo Bank, N.A.*, 2014 WL 4386167, at *1 (C.D.Cal., August 22, 2014) (citing *Padilla v. AT & T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D.Cal. 2009)). Accordingly, the Court concludes that exercise of jurisdiction on the basis of diversity in this case is not proper.

Second, the fact that the parties consented to the jurisdiction of a magistrate judge through trial under 28 U.S.C. § 636(c) does not limit in any way the Court's discretion in deciding whether to exercise supplemental jurisdiction over state law claims once all federal claims in a federal question case have been dismissed. Plaintiff offers no authority to the contrary. Nor does Plaintiff offer any authority suggesting that Plaintiff's jury demand in the federal action limits the Court's

discretion to remand state law claims.  Therefore, the Court declines to reconsider its Summary Judgment Order as to whether the state law claims should be remanded to state court.

V. CONCLUSION

The Motions are DENIED.

IT IS SO ORDERED

Dated:  December 30, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge